1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MATTHEW COPELAND MILLER,              No.  2:19-cv-1117 WBS DB P

12                    Petitioner,

13          v.                              FINDINGS AND RECOMMENDATIONS

14    JEFF LYNCH,[1]

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 conviction in the San Joaquin

19   County Superior Court for kidnapping for robbery, attempted second degree robbery, being a

20   felon in possession of a firearm, making criminal threats, unlawfully possessing ammunition, and

21   knowingly and maliciously attempting to dissuade a victim by force or threat. Petitioner seeks

22   relief here on the following grounds: (1) insufficiency of evidence that petitioner attempted to

23   dissuade a victim, (2) instructional error, (3) sentencing error, (4) a warrantless search violated

24   the Fourth Amendment, and (5) cumulative error.

25

26

27   ───────────────
     [1]  Jeff Lynch, current warden of the California State Prison – Sacramento where petitioner is
28   presently housed, is substituted as respondent. See Stanley v. California Supreme Court, 21 F.3d
     359, 360 (9th Cir. 1994).

Respondent moves to dismiss the petition as barred by <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and as unexhausted. Respondent also moves to dismiss petitioner's Fourth Amendment claim as not cognizable in this action. Petitioner opposes the motion and moves for a stay pending exhaustion of his Fourth Amendment claim.

## I.      Procedural Background

On May 12, 2014, petitioner was sentenced to an indeterminate state prison term of thirty-seven years to life following his conviction in the San Joaquin County Superior Court for kidnapping for robbery, attempted second degree robbery, being a felon in possession of a firearm, making criminal threats, unlawfully possessing ammunition, and knowingly and maliciously attempting to dissuade a victim by force or threat. (Lod. Doc. 1.)[2]

On appeal, petitioner's kidnapping conviction was reversed by the California Court of Appeal and remanded to the trial court for resentencing. (Lod. Doc. 2.) The judgment was affirmed in all other respects. On June 14, 2017, the California Supreme Court denied review. (Lod. Docs. 3-4.)

On August 7, 2018, petitioner was resentenced to a determinate prison term of twenty-seven years. (Lod. Doc. 5.)

On December 18, 2019, the California Court of Appeal remanded the matter to the trial court to exercise its sentencing discretion under Senate Bill No. 1393. (Lod. Doc. 6.) The trial court has not yet exercised its sentencing discretion on remand. (Lod. Doc. 7.)

## II.     Discussion

Respondent first moves to dismiss this action on the ground that petitioner's state criminal action remains pending since he has not yet been resentenced following the California appellate court's remand. Petitioner counters that any decision by this Court would not enjoin the proceedings in the state court since the claims asserted here are unrelated to the basis for the resentencing remand.

---

[2] All lodged documents have been filed electronically. (ECF No. 21.)

2

Under what is known as the Younger abstention doctrine, federal courts generally do not intervene in ongoing state court criminal proceedings except in "extraordinary circumstances." Younger v. Harris, 401 U.S. 37, 43-54 (1971). A federal court may consider sua sponte whether Younger abstention is appropriate. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

In Phillips v. Vasquez, 56 F.3d 1030 (9th Cir.1995), the Ninth Circuit considered whether Younger abstention was warranted where a federal habeas petitioner's capital conviction was final, but his sentence was still being appealed. It reasoned: "The state has already adjudicated Phillips' guilt, its decision in that regard is final, and Phillips seeks nothing more than federal review of that decision. The ongoing state proceeding involves sentencing only, and the state is free to continue with its sentencing determination." Id. at 1033. In such circumstances, the court concluded that the Younger doctrine did not preclude federal review of petitioner's claims.

More recently, however, Phillips has been characterized as a narrow holding that turned on the "unreasonably long delay" in the capital appeals process in Phillips' case. Edelbacher v. Calderon, 160 F.3d 582, 585-86 (9th Cir. 1998). In a case where no unusual delay existed, the Ninth Circuit "decline[d] to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Id. at 582-83; see id. at 586, n.5 (citing cases). See also Dean v. Sandor, 2011 WL 3652383 (C.D. Cal. July 12, 2011) (where federal petition challenges constitutionality of conviction, and direct appeal of sentence is pending, Edelbacher controls, and petition must be dismissed pending outcome of state proceedings) (findings and recommendations adopted by district court on August 18, 2011). "Since Edelbacher, district courts have generally abstained under Younger when a habeas petitioner was still challenging his sentence in state court." Lesopravsky v. Warden, 2018 WL 2085333, at *4 (C.D. Cal. May 3, 2018) (collecting cases).

In this case, there are no "unusual circumstances" that would justify a departure from the "general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher, 160 F.3d at 583. Unlike the 15-year delay in Phillips, which was deemed "unreasonably long," and the six-year delay in Edelbacher,

which was not, petitioner here has not identified any unusual delay or circumstances that would justify departing from the general rule of abstention. Indeed, not even one year has lapsed from the date that the California Court of Appeal remanded the matter to the trial court for resentencing. Moreover, petitioner's argument that his claims here should be allowed to proceed because they are unrelated to his sentence has already been foreclosed by Edelbacher. Respondent's motion to dismiss pursuant to Younger should therefore be granted.[3]

The recommendation to dismiss does not bar petitioner from filing a new habeas petition in federal court after he is resentenced and any appeal of his new sentence in the state appellate courts has concluded. See United States v. Buenrostro, 895 F.3d 1160, 1165 (9th Cir.) ("A judicial resentencing may ... produce a new judgment" which "may be challenged without regard to the limitation on second-or-successive petitions 'even if the [second-in-time] petition challenges only undisturbed portions of the original judgment.' "), cert. denied, ⸻ U.S. ⸻, 139 S. Ct. 438 (2018). Significantly, because a new criminal judgment has not yet been entered, 28 U.S.C. § 2244(d)'s one-year limitations period for filing a federal habeas petition under 28 U.S.C. § 2254 has not yet begin to run. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007) ("Burton's limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review' ").

## III.   Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 19) be granted and the petition for writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that

---

[3] In light of this recommendation, the Court declines to consider respondent's alternative arguments for dismissal and petitioner's request for a stay and abeyance.

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/mill117.mtd